NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morris Earl Davis,<br>　　　　Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>　　　　Respondents. | No. CV-23-00494-PHX-SRB<br>**ORDER** |

　　　　Petitioner, Morris Earl Davis filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody on March 20, 2023 challenging his felony convictions in Arizona state court in 2002. Respondents filed a Limited Answer to the Petition asserting the Petition's untimeliness. Petitioner filed a Reply. The Magistrate Judge issued her Report and Recommendation on January 18, 2024 concluding that the Petition was untimely by over eighteen years without excuse for the untimely filing. The Magistrate Judge recommended that the Petition be dismissed with prejudice, that Petitioner's Motion for Evidentiary Hearing be denied and that a Certificate of Appealability be denied. Petitioner filed timely written objections on January 31, 2024, to which Respondents responded on February 14, 2024.

　　　　Petitioner does not object to the Magistrate Judge's finding that his Petition was untimely unless statutory tolling, equitable tolling and/or the actual innocence gateway apply. He does not object to the Magistrate Judge's finding that neither statutory tolling or the actual innocence gateway apply. He objects only to the finding that he is not entitled

to equitable tolling of the statute of limitations based on a claimed mental impairment.[1]

As the Magistrate Judge related in her Report and Recommendation, in support of his claim that he is entitled to equitable tolling Petitioner offered an affidavit wherein he stated that he had a 4th grade education and an IQ 76, that he was uneducated in the law and procedural rules, that the prison law library was inadequate requiring him to rely on friends and family to assist him with legal research, and that he had to teach himself to read and write in prison in order to challenge his sentence. Petitioner argues that it was not until 2021 when he was issued a tablet with access to LexisNexis that he was able to discover the basis of his claims. The Magistrate Judge addressed these contentions and explained that why none of them were sufficient for equitable tolling of the statute of limitations. In his Objections, Petitioner only objects to the Magistrate Judge's recommendation that there is no basis for equitable tolling based on his claimed mental impairments. He does not make any specific objections to the rejections of equitable tolling due to inadequacies of the prison law library and the alleged inability to discover his claims until he received a tablet in 2021 with access to LexisNexis.

The Magistrate Judge cited the two-prong test that must be met for equitable tolling based on mental impairment set out in *Bills v. Clark*, 628 F.3d 1092,1099-1100 (9th Cir. 2010) and explained why Petitioner had not met this test concluding that Petitioner had not demonstrated the requisite severity of a mental impairment for equitable tolling purposes. The Magistrate Judge cited from the trial record showing an IQ within the normal range and Petitioner's work and educational history while acknowledging a below 6th grade reading level. The Magistrate Judge also cited the apparent contradiction between Petitioner's claim of severe mental impairment and his statements about the research he was able to accomplish after being issued a tablet, the timely filing of his *pro se* Post-Conviction Relief Notice in state court timely in 2003, the additional filings in state court in pursuit of his second state court Post-Conviction Relief proceedings, and the filings he

---

[1] Petitioner also objects to what he believes as findings by the Magistrate Judge that one of his claims was not cognizable and that his other two claims were procedurally defaulted. But the Magistrate Judge made no such findings. In her Report and Recommendation, the Magistrate Judge only noted that Respondents' Limited Answer made these arguments.

has made *pro se* in this Court. The Court agrees with the Magistrate Judge that these filings show that his mental impairment is not so severe that he is entitled to equitable tolling.[2]

The Court agree with the Magistrate Judge that Petitioner has failed to demonstrate entitlement to equitable tolling based on mental impairment. *Bills* requires a showing that Petitioner could not rationally or factually understand the need to timely file. Petitioner has failed to make this showing. Alternatively *Bills* requires Petitioner to show that his mental state rendered him unable to prepare a habeas petition or effectuate its filing. Petitioner has failed to make this showing. The second prong of the *Bills* test requires a showing of diligence in pursuing the claims he could understand but that his mental impairment made it impossible to meet the filing deadline. Petitioner has failed to make this showing.

**IT IS ORDERED** overruling Petitioner's Objections to the Report and Recommendation. (Doc. 20)

**IT IS FURTHER ORDERED** adopting Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 19)

**IT IS FURTHER ORDERED** dismissing Petitioner's Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody with prejudice. (Doc. 1)

**IT IS FURTHER ORDERED** denying Petitioner's Motion for an Evidentiary Hearing on 28 U.S.C. § 2254 Motion. (Doc. 15)

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

. . .

. . .

. . .

---

[2] In his Objections, Petitioner now also claims for the first time that he suffers from schizophrenia and takes anti-psychotic medication but provides no evidence.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 20th day of February, 2024.

_____
Susan R. Bolton
United States District Judge